Filed 4/2/26  P. v. Robles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085931 |
| v. | (Super.Ct.No. FRE04595) |
| BOBBY DIAZ ROBLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Bobby Diaz Robles, in pro. per.; and Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2002, defendant Bobby Diaz Robles was charged by amended information with four counts of attempted murder of a peace officer (Pen. Code, §§ 187, subd. (a), 664; counts 1-4; unlabeled statutory references are to this code), one count of second degree

1

robbery (§ 211; count 5), and one count of evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 6). The amended information also alleged as to counts 1 through 5 that he personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and alleged (in the alternative) as to count 5 that he was not personally armed with a firearm but knew that a principal was personally armed with a firearm (§ 12022, subd. (d)).

A jury convicted Robles as charged on counts 1 through 3 and 5 but convicted him of the lesser included offense of assault on a police officer (§ 245, subd. (d)(1)) as to count 4. The jury also found true all of the enhancement allegations except the personal use allegation as to count 5.

The trial court sentenced Robles to a total determinate term of 19 years eight months and a consecutive indeterminate term of 10 years to life. Robles appealed, and this court affirmed in a nonpublished opinion. (*People v. Robles* (Jan. 31, 2003, E031445) [nonpub. opn.].)

In 2024, Robles filed a petition for resentencing under section 1172.6. The prosecution filed an informal response to the petition, and defense counsel filed a reply. With the prosecution and defense counsel present, the court conducted a prima facie hearing and denied the petition without issuing an order to show cause.

Robles timely appealed, and we appointed counsel to represent him. Appointed counsel filed a brief raising no issues and asking that we exercise our discretion to review the entire record under *People v. Delgadillo* (2022) 14 Cal.5th 216. Counsel also moved

to augment the record to include the reporter's transcript of the jury instructions given at Robles's trial, and we granted the motion.

We notified Robles that his appointed appellate counsel had filed a brief raising no issues, and we gave Robles an opportunity to file a personal supplemental brief and informed him that the appeal may be dismissed if he did not do so. Robles filed a supplemental brief.

The reporter's transcript reflects that Robles's jury was not instructed on the natural and probable consequences doctrine or any other theory of imputed malice. The jury was instructed on liability as a direct aider and abettor. But that is not a theory of imputed malice, and it remains a valid theory of liability for attempted murder. (See, e.g., *People v. Curiel* (2023) 15 Cal.5th 433, 462 ["direct aiding and abetting" remains a "valid theory"].) Because Robles was convicted under a still-valid theory of liability and not on a theory of imputed malice, his petition was correctly denied at the prima facie stage. (See, e.g., *People v. Strong* (2022) 13 Cal.5th 698, 708 ["If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition"].)

In his supplemental brief, Robles argues that his jury was instructed on the natural and probable consequences doctrine. He is mistaken. The jury instruction that he cites is part of the definition of the crime of assault, which requires that the person committing the act in question be "aware of facts that would lead a reasonable person to realize that as a direct, natural and probable result of this act that the physical force would be applied

3

to another person." That is not an instruction on the natural and probable consequences doctrine as a theory of accomplice liability for attempted murder or any other crime. It is consequently irrelevant to Robles's petition under section 1172.6.

Robles's remaining arguments fail to address the fact that because his jury was not instructed on any theory of imputed malice, he is ineligible for relief under section 1172.6. The arguments therefore fail to show that the trial court erred by denying the petition.

We decline to exercise our discretion to conduct an independent review of the entire record. We accordingly affirm the trial court's order.

DISPOSITION

The order denying Robles's petition under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____<br>J.

We concur:

McKINSTER _____
       Acting P. J.

FIELDS _____
       J.

4